James E. **WOOD**

v.

**Donald T. REGAN, in his capacity as Secretary of the Treasury.**

Civ. A. No. 85–0156.

United States District Court, E.D. Pennsylvania.

Aug. 5, 1985.

Prather Randle, Philadelphia, Pa., for plaintiff.

Susan Bricklin, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiff, a black male, has petitioned under 5 U.S.C. § 7701(g)(2) to recover attorneys fees incurred when he appealed his termination from his job at the United

States Mint in Philadelphia, Pennsylvania. Presently before me is a motion to dismiss for lack of jurisdiction or, in the alternative, a motion for summary judgment. For reasons discussed below, I conclude that I may properly exercise jurisdiction over plaintiff's claim but will deny defendant's motion for summary judgment.

Plaintiff, James E. Wood, was employed at the Mint for fifteen years as an operator of a machine which placed newly minted nickels into bags for transport. He was discharged after a metal detector sounded as he left his work station and he was found to have eight newly stricken nickels on his person, five of which were mis-strikes and thus potentially especially valuable. Wood appealed his termination to the U.S. Merit System Protection Board (MSPB), filing complaints of racial discrimination and procedural irregularities at the hearing. In the midst of the initial hearing before a presiding official at the MSPB's Philadelphia Office, the Mint cancelled its action and reinstated Mr. Wood to his job with full seniority, pay, and other benefits. It also issued new procedures for the uniform treatment of employees found to possess coinage material without authorization. As a result, the case before the MSPB was dismissed as moot.

■ The present action is based on Wood's subsequent petition for attorneys fees. After the MSPB denied the petition and confirmed the denial on review, Wood appealed to this Court. His complaint suggests that 28 U.S.C. § 1343 gives this Court jurisdiction over his claim. That section is not applicable, however, since Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). *See also I.M.A.G.E. v. EEOC*, 469 F.Supp. 1034, 1037 (D.C.Colo.1979). However, this Court does have jurisdiction under 5 U.S.C. § 7703. Under this section,

[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

§ 7703(b)(2) specifies that

[c]ases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c) ).

Wood's petition is subject to section 7702, which sets forth procedural guidelines for handling Title VII allegations raised before the Board, since that section is applicable to an employee who

(A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

(B) alleges that a basis for the action was discrimination prohibited by—

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16).

■ Wood's decision to appeal to this court rather than to the EEOC does not, as the government suggests, constitute a failure to exhaust administrative remedies that would preclude jurisdiction. Section 7702(3) states that

[a]ny decision of the Board under paragraph (1) of this subsection shall be a judicially reviewable action as of—

(A) the date of issuance of the decision *if the employee or applicant does not file* a petition with the Equal Employment Opportunity Commission under subsection (b)(1) of this section.

Clearly the plaintiff is free to choose whether or not to file with the EEOC.

■ Finally, this case is properly before this Court rather than the United States Court of Appeals for the Federal Circuit. As noted above, cases of discrimination subject to § 7702 are to be filed under 42 U.S.C. § 2000e–16(c), which confers appellate jurisdiction upon the district courts by reference to § 2000e–5(f) and gives them power to award attorneys fees by reference to § 2000e–5(k). None of the cases the defendant cites in support of its assertion that the case should be brought before the Federal Circuit Court of Appeals in-

volves petitions for attorneys fees. Moreover, they are distinguishable in other ways. In *Meehan v. U.S. Postal Service*, 718 F.2d 1069, 1073 (Fed.Cir.1983), the plaintiff failed to assert in his petition a clear basis for alleging discrimination or to offer evidence of racial discrimination when appealing his discharge before the MSPB. Wood, in contrast, specifically indicates the manner in which he believed he was discriminated against, as discussed above. In both *Wallace v. Merit Systems Protection Board*, 728 F.2d 1456 (Fed.Cir.1984) and *Hopkins v. Merit Systems Protection Board*, 725 F.2d 1368 (Fed.Cir.1984), the Court of Appeals retained jurisdiction because it was ruling on the timeliness of the plaintiff's petition rather than on the merits of the appeal. Wood's appeal, in contrast, involves the merit of the MSPB's decision not to award attorneys fees when a matter raising issues of discrimination has been settled.

This Court, then, has jurisdiction under § 7703(b)(2) to hear plaintiff's case.

■ The defendant asserts that even if Wood's allegations of discrimination are sufficient to support this court's jurisdiction in this action, they will not support his claim for attorneys fees. Since the parties reached an agreement and the suit was dismissed at the MSPB hearing, the court did not make a finding on the issue of discrimination. If this were a case against a private employer it would be clear that such a finding would not be required, inasmuch as the relevant statute in such cases states:

> In any action ... the court, in its discretion, may allow the *prevailing party*, ... a reasonable attorney's fee as part of the costs ... (emphasis added).

42 U.S.C. § 2000e–5(k). The defendant observes, however, that the language in the section providing for awards against the government as an employer is different and that the section does require such a finding. The section provides:

> If any employee ... is the prevailing party and the decision is based on a *finding* of discrimination prohibited under section 2302(b)(1) of this title, the payment of attorney fees shall be in accordance with the standards under ... [42 U.S.C. § 2000e–5(k)]. (emphasis added).

5 U.S.C. § 7701(g)(2).

Although defendant's interpretation of 5 U.S.C. § 7701(g)(2) has certain appeal, the context of the provision suggests that the provision was intended to be interpreted differently. It seems likely that the requirement in 5 U.S.C. § 7701(g)(2) that "the decision [be] based on a finding of discrimination prohibited under section 2302(b)(1) of Title 5" is intended not to impose a requirement that an express finding of fact be made, but to distinguish cases involving discrimination from other types of cases, referred to in § 7701(g)(1), in which a government agency might also be required to pay attorneys fees. Such a distinction is not required in the provision pertaining to the private sector since *all* actions for attorneys fees under 42 U.S.C. § 2000e–5(k) arise from discrimination cases.

Without clearer direction from Congress, it would seem improper to make such a distinction between actions against private and public employers, given that "in general ... the substantive anti-discrimination law embraced in Title VII was carried over and applied to the Federal Government." *Morton v. Mancari*, 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). See also *Chandler v. Roudebush*, 425 U.S. 840, 841, 96 S.Ct. 1949, 1950, 48 L.Ed.2d 416 (1976) (quoting from a report of the Senate Committee on Labor and Public Welfare, in which the Committee, discussing 42 U.S.C. § 2000e, expressed a desire to grant "[a]ggrieved [federal] employees or applicants ... the full rights available in the courts as are granted to individuals under Title VII." S.Rep. No. 92–415, p. 16 (1971)).

■ Admittedly, there are sound reasons to bar a plaintiff in Wood's position from raising the issue of attorneys fees once a case has been settled: the grounds for the parties' decision to settle are not always

clear. The Mint did not necessarily concede the issue of discrimination—it may have reinstated Wood to avoid the time, expense, and effort of litigation, or because it recognized that its procedures in such circumstances, though not discriminatory, were faulty. Wood himself alleges that there were procedural irregularities, and it is not clear if these alleged irregularities are exclusively related to discrimination.

Obviously, the parties could have avoided the dispute with which I am presented by addressing the attorneys fee issue in their settlement. Apparently they did not. Case law under similar attorneys fee provisions suggests that, in such circumstances, the Court may award attorneys fees to the prevailing plaintiff. For example, in *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), plaintiff raised both a constitutional claim, for which attorneys fees may be awarded under 42 U.S.C. § 1988, and a statutory claim for which such fees cannot be awarded. The court assessed fees against state officials after the case settled by entry of a consent decree in which plaintiff obtained its objective so as to be a "prevailing party" within the meaning of the statute, even though there was no determination that the plaintiff's constitutional rights had been violated. *Maher v. Gagne*, 448 U.S. 122, 132, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653 (1980). Similarly, in *Young v. Kenley*, 641 F.2d 192 (4th Cir.1981) the Court awarded attorneys fees to a plaintiff who settled her employment discrimination claim. Before settlement plaintiff presented her case, while defendant did not; however, the court does not indicate that the content of her presentation had any effect on its decision to award attorney's fees. Instead the Court reasoned that a plaintiff who attains her objective is considered the "prevailing party," whether she does so by settlement or by a court ruling.

Just as the constitutional issue in *Maher* and the issue of discrimination in *Young* remained in those cases until the entire disputes were settled by entry of consent decrees, the issue of discrimination remained in Wood's case until settlement was reached. It is undisputed that Wood is the prevailing party, attaining his objectives of reinstatement and back pay and benefits. Since it appears highly unlikely that Congress intended to require that a specific finding of discrimination be made before plaintiffs in employment discrimination actions against the government can be awarded attorneys fees, the Mint's motion for summary judgment will be denied.

I also reject the government's contention that the merits of plaintiff's claim must be litigated before me so as to determine the validity of plaintiff's discrimination claims. Such a procedure would make settlement meaningless. Accordingly, plaintiff will be ordered to submit his attorneys fee petition to the Court.