19496

STATE ex rel. Daniel R. McLEOD, Attorney General, State of South Carolina, Plaintiff, v. James B. ELLISOR, Executive Director of the State Election Commission, et al., Defendants.

(192 S. E. (2d) 188)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Randall T. Bell, Asst. Atty. Gen.,* of Columbia, *for Plaintiff,*

366

*Laughlin McDonald, Esq.,* of Columbia, *for Defendants,*

Oct. 16, 1972.

*Per Curiam:*

This action is one under the "Uniform Declaratory Judgments Act", Section 10-2001 et seq., 1962 Code of Laws, brought with permission in the original jurisdiction of this Court. The purpose of the action is to determine whether

Section 2 of Act No. 1574, enacted by the General Assembly at its 1972 Session and approved by the Governor on July 17, 1972, extends the right of absentee voting only to those qualified electors who are unable to present themselves at their voting precinct by reason of illness, injury or other physical infirmity. The portion of the Act involved is as follows:

"Section 2. Any qualified elector who will be physically unable to present himself at his precinct on election day shall be permitted to vote by absentee ballot."

The defendants Bly, Bryson, Gimarc, Henrichs and Peterson are registered voters of Richland County who seek to be permitted to vote by absentee ballot in the General Election to be held on November 7, 1972. They do not contend that they are physically infirm, but, on the contrary, seek to vote by absentee ballot because they will be absent from the State on the date of the election for reasons unrelated to their health or physical condition. These defendants have previously instituted an action, which is now pending in the United States District Court for the District of South Carolina.

Plaintiff institutes this action, seeking an interpretation by this Court of a state statute which will be controlling. The federal courts normally abstain from deciding federal questions which depend upon the interpretation of a state statute reasonably open to differing constructions until the state court has construed it. *Railroad Commission v. Pullman Co.,* 312 U. S. 496, 61 S. Ct. 643, 85 L. Ed. 971. The imminence of the General Election, with attendant uncertainties if this matter is not authoritatively decided by this Court, necessitates an early adjudication so as to provide for a fair and orderly General Election in November, 1972.

The problem centers upon the meaning to be given to the phrase "physically unable to present himself" as used in Section 2 of the Act. The ordinary signification of the words

"physically unable" is bodily incapacity or physical infirmity. The word "unable" is defined in the Oxford English Dictionary as "lacking in physical ability or strength; incapable of much bodily exertion; weak, feeble." "Physically" is defined to mean "as regards the body; in bodily constitution; corporeally." To interpret these words to mean something other than inability by reason of illness, injury or other bodily infirmity is to place a strained and unnatural construction on them in violation of the South Carolina rule that the words are to be taken in the ordinary and literal meaning. *State ex rel. McLeod v. Mills,* 256 S. C. 21, 180 S. E. (2d) 638. The election laws of South Carolina provide for absentee voting by members of the armed services, the merchant marine, the Red Cross and USO, employees of the federal government overseas, and students. Section 23-442, Code of Laws of South Carolina, 1962. The absentee voting privilege is extended to certain transportation workers traveling in interstate commerce by Section 23-449.31, Code of Laws of South Carolina, 1962, as amended. Significantly, both of these statutes use the word "absent" in defining the class of electors covered by the statute. Section 23-442 says "who is *absent* from the place of his voting residence," while Section 23-449.31 says "when his employment shall necessarily cause him to be *absent* from his voting precinct." (Emphasis added.) If the General Assembly had intended Act No. 1574 to apply generally to persons absent from the precinct, rather than to those unable to present themselves because of a physical incapacity, it would have used the word "absent" as it had done in previous legislation. The failure to follow the language of the previous statutes can only give rise to the inference that the General Assembly meant to create a different classification from "absent" voters; namely, "physically unable" voters. Cf. *Davis v. Board of Education,* 186 N. C. 227, 119 S. E. 372.

> To construe Section 2 of Act No. 1574 as permitting absentee voting by those persons who were merely physically absent from their voting place on election

day would be to nullify the provisions of Sections 23-442 and 23-449.31 and render them inoperative. Repeal by implication is not favored and an "act should not be construed as impliedly repealing a prior act unless no other reasonable construction can be applied." State ex rel. *McLeod v. Mills,* 256 S. C. 21, 180 S. E. (2d) 638.

Consideration of the provisions of Section 3 of Act No. 1574 indicate also that the General Assembly intended to extend the absentee voting privilege only to those who are absent from the polls on election day by reason of physical infirmity. Section 3 requires that applicants for absentee ballots must make application therefor not earlier than fifteen days prior to and not later than noon three days before the election, and election officials are required to furnish absentee ballots to those "satisfying an election official—that he is such a qualified elector—." The General Assembly could hardly have intended that an applicant for an absentee ballot should be required to satisfy the election officials that he will be absent from the polls on election day; on the contrary, the common sense construction of this section is that the applicant who seeks to vote by absentee ballot must satisfy the appropriate officials that he is, in fact, of such physical infirmity that he will be unable to cast his vote at the polls.

In passing on statutes regulating absentee voting, the courts should look to the whole and every part of the election laws, the intent of the entire plan, and the reasons and spirit for their adoption and try to give effect to every portion thereof. 29 C.J.S. Elections § 210(1), p. 577. The plain meaning of the words employed in the statute, as well as the application of ordinary rules of statutory construction, lead clearly to the conclusion that the words "physically unable," as set forth in Act No. 1574, have reference to inability arising from health or physical reasons, rather than geographical absence. The phrase relates to such matters as illness, injury, or infirmity which so affects the well-being of the person as to make it physically impossible for the voter to be present at the polls on election day.

It is so ordered.