**Robert S. BLY, Thomas A. Bryson, Benjamin M. Gimarc, Paul Mark Henrichs and Paul E. Peterson, on their own behalf and on behalf of all others similarly situated, Appellees,**

v.

**Daniel R. McLEOD, Attorney General of South Carolina, Ruben L. Grey, Edgar L. Morris, Mrs. Margaret Townsend, and Mrs. G. P. Callison, as members of the State Election Commission, James B. Ellsior, Executive Director of the South Carolina Election Commission, S. H. Riddle, David O. Smith, and Ernest White, as Commissioners of Election for Richland County and as representatives of all Commissioners of Election of South Carolina, Appellants.**

No. 77–2371.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1978.

Decided Sept. 12, 1979.

David C. Eckstrom, Staff Atty., Columbia, S.C. (Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Deputy Atty. Gen., Treva G. Ashworth, Asst. Atty. Gen., Columbia, S.C., on brief), for appellants.

Laughlin McDonald, Atlanta, Ga. (Neil Bradley, H. Christopher Coates, Atlanta, Ga., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

The state defendants appeal from the district court's order awarding attorneys' fees and costs to plaintiffs as prevailing parties pursuant to the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, the Voting Rights Act of 1965, § 14(e) as amended, 42 U.S.C.A. § 1973*l*(e),[1]

---

1. Section 1973*l*(e) states: "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The operative part of § 1988 is in like language.

and Federal Rule of Civil Procedure 54(d).[2] We reverse.

The plaintiffs, a group of chemistry professors who planned to be out of the state on election day attending a professional convention, applied for absentee ballots to vote in the 1972 Democratic primary. Their applications were denied based on an opinion of the South Carolina Attorney General which construed the language "physically unable to present himself" in the then absentee ballot statute to include those who were physically unable to appear due to ill health but not those who would be otherwise physically absent from the geographic boundaries of the state.[3] After the Democratic Party denied their applications, the plaintiffs filed a class action suit in the district court alleging that the statute as construed by the South Carolina Attorney General violated their constitutional rights to vote and travel. The plaintiffs requested and received a temporary restraining order which allowed them to vote in the 1972 primary. The South Carolina Attorney General subsequently filed a collateral proceeding in the South Carolina Supreme Court seeking a binding interpretation of the previously unconstrued statute. The South Carolina Supreme Court upheld the Attorney General's interpretation, but did not reach the federal constitutional question. *State ex rel. McLeod v. Ellisor*, 259 S.C. 364, 192 S.E.2d 188 (1972). Shortly after the state court decision, the federal district judge dismissed the federal proceedings. Plaintiffs appealed, and we vacated and remanded the case because we could not determine the basis for the district judge's decision, expressing no opinion on the merits.

On remand, the plaintiffs moved for and were granted a three-judge district court to determine the constitutionality of the absentee voting statute as interpreted by the South Carolina Supreme Court. Before any proceedings were held before the three-judge court, however, the South Carolina legislature amended the absentee voting statute. This amendment, among other things, granted the right to vote by absentee ballot to certain persons including those who would be out of their counties of residence on election day due to their employment or certain professions including teaching.[4] It is agreed that the 1975 amendment effectively mooted plaintiffs' case.

---

2. Rule 54(d) states in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law."

3. South Carolina Code § 23–449.41 (1972 Supplement Volume).

4. The 1975 amendment states in pertinent part: "Any qualified elector in the following categories shall be permitted to vote by absentee ballot in all elections when he will be absent from his county of residence on election day, to such extent that it would prevent him from voting in person except that 'physically disabled persons' may vote by absentee ballot whether or not absent from their county of residence:

     \*    \*    \*    \*    \*    \*

(4) Employment.

     \*    \*    \*    \*    \*    \*

(8) Professions of ministry, teaching, and medical."

     \*    \*    \*    \*    \*    \*

South Carolina Code § 23–442 (1975 Supplement).

Prior to 1975, § 23–442 read as follows: "(1) Every individual specified in subsection (2) of this section who is absent from the place of his voting residence, but otherwise eligible to register and qualified to vote in any general election in this State, shall be entitled to vote in elections in accordance with the provisions of this chapter.

(2) The following individuals, if otherwise eligible under subsection (1) of this section, shall be entitled to vote in accordance with the provisions of this chapter:

(a) members of the Armed Forces of the United States and their spouses,

(b) members of the Merchant Marine of the United States,

(c) persons serving with the American Red Cross or with the United Service Organizations who are attached to and serving with the Armed Forces of the United States outside of the counties of their respective residences, and

(d) members or employees of any department of the United States Government serving overseas."

In 1972, § 23–449.41 was added which states: "Any qualified elector who will be physically

In May 1977, plaintiffs moved for attorneys' fees and costs. The district court dismissed the case as moot but retained jurisdiction over plaintiffs' motion for attorneys' fees and costs. At a hearing on this motion, the plaintiffs asserted three reasons why they were the prevailing party in this case. First, the district court had granted their request for a temporary restraining order which allowed them to vote in the Democratic primary. Second, they had received a remand from the Fourth Circuit. Third, they had successfully requested the empaneling of a three-judge district court. Based on these three reasons, the district court, considering the claim under 42 U.S.C. § 1973*l*(e) (voting rights) and 42 U.S.C. § 1988 (civil rights), held that the plaintiffs were the prevailing parties and awarded attorneys' fees and costs.[5]

■ It is settled that in order to be a prevailing party one need not win on every issue in the case. *Lytle v. Commissioners of Election of Union County*, 541 F.2d 421 (4th Cir. 1976). A party prevails if judgment is entered in his favor even though he did not sustain his entire claim. *Lytle*, 541 F.2d at 426, n. 6; 10 Wright & Miller, *Federal Practice & Procedure*, Civil, § 2667. The legislative history of § 1973*l*(e) states that in some circumstances fees may be allowed if the plaintiff prevails "on an important matter in the course of litigation, even when he ultimately does not prevail on all issues." Senate Report 94–295, 1975 U.S.Code Cong. & Admin.News, pp. 774, 808. But we think that the three points on which plaintiffs prevailed are not sufficient, whether considered separately or together, to give plaintiffs prevailing party status. The granting of a temporary restraining order in the situation presented here was in no way a determination on the merits and

merely preserved the status quo when the plaintiffs might be irreparably harmed if temporary relief were not granted. A temporary restraining order may be entered ex parte. FRCP 65. In the case at bar, however, the defendants were present, but the state defendants did not feel they were appropriate parties to a motion requesting the right to vote in a primary election. The Democratic Party also was present but did not oppose the motion; indeed, it apparently acquiesced. In any event, the granting of the temporary restraining order hardly can be said to constitute generally prevailing on the merits. No adjudication of invalidity of the statute was made. See *Lytle*, p. 425.

Plaintiffs fare no better with their other two arguments. Our decision to vacate and remand the first dismissal of this case expressly stated that we expressed no opinion on the merits, but that we remanded for clarification of the basis for the district court's decision. Likewise, we do not see how the mere constitution of a three-judge district court can be said to make plaintiffs the prevailing parties. It is clear that if the plaintiffs had ultimately lost on the merits that their three examples of procedural success would not entitle them to an award of attorneys' fees. Neither the district court nor any other court has ever held the statute in question invalid. In order to recover attorneys' fees and costs, plaintiffs must show at least some success on the merits. They simply have not done so.

■ On appeal, plaintiffs argue, for the first time, that they are the prevailing parties because the amendment to the South Carolina absentee ballot law granted them the relief they sought in federal district court, and that they acted as a catalyst which caused or at least hastened the change of law which mooted their case.

---

unable to present himself at his precinct on election day shall be permitted to vote by absentee ballot." This is the section in effect when this case was commenced.

**5.** The court awarded attorneys' fees and costs against the state defendants but not against the Democratic party defendants, reasoning that the party defendants "were not responsible for

the passage of the allegedly unconstitutional statute and had absolutely no discretion in its execution." This holding is not appealed from by the plaintiffs but is by the state defendants. In view of our disposition of the case, we do not reach the question of whether judgment should have been entered against the party defendants as well as the state defendants.

There are cases which, in factual settings far different from the case here, do state the proposition that a person may be a prevailing party if his lawsuit acts as a catalyst which causes the relief sought even though no decision is reached on the merits. In *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970), Parham, the individual plaintiff, brought a class action against defendant phone company in 1967 alleging violations of Title VII of the Civil Rights Act of 1964. The court held that the company had discriminated against the class from 1965 to 1967, but that Parham could not recover back pay on his individual claim because the company refused to hire him due to a poor recommendation given by a prior employer. The court nevertheless awarded attorneys' fees to Parham because his "lawsuit [had] acted as a catalyst which prompted the [company] to take action implementing its own fair employment policies . . . ." 433 F.2d at 429.

We used an analogous approach in *Brown v. Gaston County Dyeing Machine Co.*, 457 F.2d 1377, 1383 (4th Cir. 1972). In *Brown*, the individual plaintiff was unable to prevail on his claim that he was refused a promotion because of his race although he did recover on a § 1981 claim for a period of time when the company refused to hire him. With respect to the class claim, the district court found that the company was guilty of discrimination from 1965 to 1967, but that its voluntary compliance efforts since that time had remedied the problem. The district judge therefore dismissed the case. On appeal, we agreed that the company had made significant improvements, but found that the process was as "yet incomplete." 457 F.2d at 1383. We therefore remanded the case to the district court with instructions to retain it on the docket for a reasonable time. If the company's program eliminated discrimination in that time the case would be dismissed. Concluding, we stated that "[i]n either event, the plaintiff is enti-

tled to recover his costs and reasonable counsel fees." Id.

*Brown* and *Parham* are not persuasive in the case at bar. In each case, the court found the class had received benefits and awarded attorneys' fees even though the individual plaintiff had not prevailed on his individual claim (Brown did in part). The same attorneys represented both the individual plaintiffs and the class, and the classes prevailed in each case since they received benefits. It follows that the prevailing class should not be refused attorneys' fees simply because the individual who initiated the action did not ultimately prevail on his personal claim. In *Brown*, the class remedy adopted by the court of appeals may not have been exactly what plaintiff would have preferred, but it is clear the court found that the class received the benefit of the lawsuit. There was no finding of any wrong to the individuals or to the class in the case at hand. The merits of the case were never reached.

Even if we were to adopt a catalyst theory, and even if plaintiffs were allowed to inquire into the reasons for the South Carolina legislature's actions,[6] it is clear that they had this opportunity and did not exercise it. The district court held a hearing on the issue of attorneys' fees and the plaintiffs were allowed to present evidence in support of their motion. At the hearing, the plaintiffs not only failed to present any evidence on this point, they failed to even raise the argument. Thus, it appears that plaintiffs have had their day in court and we should not remand the case for further fact finding.

■ The subject matter of the present question has just been considered by us in the case of *Bonnes v. Long*, 599 F.2d 1316 (4th Cir. 1979), a claim under the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. §§ 1973*l*(e) and 1988 are phrased in identical terms, and we apply the same rule of decision under both of them.

---

6. While we do not decide the question, it is not at all clear that plaintiffs should be allowed to prove any influence on the act of the legislature since such proof might constitute an impermis-

sible inquiry into legislative motive. See *Fletcher v. Peck*, 6 Cranch. 87, 3 L.Ed. 162 (1810); *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

See 1975 U.S.Code Cong. and Admin.News, p. 807. The rule we established in *Bonnes*, whatever its antecedents, is described as pragmatic and is that, in deciding whether one is a prevailing party under the statute, the court should consider the precise factual/legal condition the fee claimant has sought to change, and with that done and as a benchmark, the court should then consider whether the plaintiff fee claimant's efforts contributed in a significant way to the change. The plaintiffs' claim here does not fulfill either part of the *Bonnes* test. Because the claim was without merit, the factual/legal condition sought to be changed by the litigation did not deserve the suit. Also, there is nothing in the record to indicate that the plaintiffs' efforts contributed to the amendment of the statute. That being true, we need not consider whether there are special circumstances which might otherwise justify the denial of a fee award as a matter of discretion. *Bonnes*, p. 1318.

The plaintiffs not being the prevailing parties, accordingly, the judgment of the district court is

*REVERSED.*