Willie E. YOUNG, Appellant,

v.

Dr. J. B. KENLEY, Individually and as Commissioner of Health, Virginia State Department of Health; Sarah E. Sayers, Individually and as Director of Public Health Nursing, Virginia State Department of Health; Wayne Hardin, Individually and as Director of Personnel, Virginia State Department of Health; H. H. Hedley, Individually and as Retired and Former Director of Personnel, Virginia State Department of Health, jointly and severally, Appellees.

No. 79-1234.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1979.

Decided Dec. 11, 1979.

Brent E. Simmons, New York City (Elaine R. Jones, New York City, Charles M. L. Mangum, Leonard L. Brown, Jr., Lynchburg, Va., on brief), for appellant.

John R. Butcher, Richmond, Va. (R. Leonard Vance, Robert T. Adams, Asst. Attys. Gen., Richmond, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and RUSSELL and SPROUSE, Circuit Judges.

PER CURIAM:

Plaintiff filed a civil rights action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The action was settled during trial. Plaintiff moved for an award of attorney's fees pursuant to 42 U.S.C. §§ 1988 and 2000e–5(k), contending that she was the "prevailing party." The district court denied such relief, *Young v. Kenley*, 465 F.Supp. 1260 (E.D.Va.1979), and plaintiff appeals. We vacate the district court's order and remand for consideration of plaintiff's application in light of this court's recent opinion in *Bonnes v. Long*, 599 F.2d 1316 (4th Cir. 1979).

The district court properly noted that a plaintiff whose case ends in settlement may be considered a "prevailing party" under the civil rights attorney's fees provisions. In making its determination whether the plaintiff was in fact the "prevailing party," the court applied the test set forth in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978). After the district court rendered its opinion, this court issued its decision in *Bonnes*. *Bonnes* establishes the test to be applied in this circuit for the

consideration whether a party to a case which ends in settlement is a "prevailing party" within the meaning of 42 U.S.C. §§ 1988 and 2000e–5(k).

Accordingly, the order of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*