Willie E. YOUNG, Appellant,

v.

Dr. J. B. KENLEY, individually and as Commissioner of Health, Virginia State Department of Health; Sarah E. Sayers, individually and as Director of Public Health Nursing, Virginia State Department of Health; Wayne Hardin, individually and as Director of Personnel, Virginia State Department of Health; H. H. Hedley, individually and as Retired and Former Director of Personnel, Virginia State Department of Health, jointly and severally, Appellees.

No. 80–1205.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1980.

Decided Feb. 23, 1981.

Rehearing Denied March 24, 1981.

Brent E. Simons, Washington, D. C. (Elaine R. Jones, Washington, D. C., Charles .M. L. Mangum, Leonard L. Brown, Jr., Lynchburg, Va., on brief), for appellant.

John R. Butcher, Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., James E. Ryan, Jr., Deputy Atty. Gen., R. Leonard Vance, Robert T. Adams, Asst. Attys. Gen., Richmond, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Willie E. Young appeals from an order of the district court denying for the second time her application for attorneys' fees under 42 U.S.C. §§ 1988 and 2000e–5(k). Young made this application after settlement of her suit alleging that she had been denied equal promotional opportunities as a public health nurse in the Virginia State Department of Health because of her race. In the appeal from the district court's first denial of attorneys' fees, *Young v. Kenley*, 614 F.2d 373 (4th Cir. 1979), we remanded the case for reconsideration in light of *Bonnes v. Long*, 559 F.2d 1316 (4th Cir. 1979).

Upon remand the district court again denied attorneys' fees. *Young v. Kenley*, 485 F.Supp. 365 (E.D.Va.1980). It concluded that although Young was a prevailing party, special circumstances justified denial of attorneys' fees as a matter of its discretion. The district court characterized Young's suit as "superfluous" because she persisted in her suit even after she learned about the elimination of a regulation that formerly had barred her advancement. Finding that Young meets the tests of *Bonnes*, we reverse and remand.

### I

Willie E. Young is a black woman who has been employed as a public health nurse with the Virginia State Department of Health since October, 1973. She was graduated from Meharry Medical College School of Nursing, a predominantly black institution, with a B.S. in 1956 and earned a master's degree in health education at City University of New York in 1972.

Young was hired by the Central Virginia Health District as a public health nurse at the lowest level, "A," despite a request by local health officials that she be hired at the next level, "B," for which the salary was greater. The State Health Department informed Young that she was not eligible for the higher level and greater pay because Meharry had not been accredited by the National League of Nursing at the time of

her graduation. After she protested the "A" classification and filed a complaint with the Virginia Equal Opportunity Coordinator, negotiations took place with officials of the Health Department. The Department decided that by substituting, according to an established formula, previous experience for an accredited degree, Young could qualify for level "B" and promoted her.

Young received a copy of a March 3, 1975, memorandum which indicated that she could not advance to level "C" because of her non-accredited degree. On June 1, 1975, she wrote the Equal Employment Opportunity Commission in Washington, D. C., to complain about this ineligibility for promotion above level "B." She received an acknowledgment of her complaint and was assigned a charge number.

In a letter dated February, 1976, the Virginia EEO Program Specialist informed the Director of Public Health Nursing that Meharry's School of Nursing had in fact been accredited in 1956 and that the portion of the March, 1975, memorandum denying Young's eligibility for further promotion should be disregarded. In February, 1977, the Health Department eliminated the requirement that barred Young.

Young first filed a complaint in federal court on January 25, 1978, alleging violations of 42 U.S.C. §§ 1981 and 1983. The district court dismissed the complaint because of the two-year statute of limitations but granted leave to amend. An amended complaint of April 11, 1978, added alleged violations of title VII, 42 U.S.C. § 2000e et seq. It was dismissed for failure to show receipt of a right to sue notice from the EEOC. Although Young had requested such a notice several times beginning in August, 1976, it did not issue until May 2, 1978.

On June 23, 1978, the Deputy State Health Commissioner invited Young to apply for the position of public health nurse level "C." She passed the merit examination for the position on September 13, 1978, and received a list of level "C" vacancies elsewhere in the state for which she could apply.

Young filed her final complaint in federal district court on October 30, 1978. In it she alleged that because of her race and despite her qualification, she had been denied promotion to public health nurse level "C" since October 1, 1973, and that health officials had failed to inform her of the February, 1977, change in requirements that made her eligible for promotion.

On November 2, 1978, Young appeared for trial, but the state, because of a misunderstanding, appeared late and unprepared. The district court heard Young's evidence and reserved the right to hear the state's evidence on November 21. On November 16, however, the parties reached a settlement. The terms of the settlement gave Young a promotion to public health nurse level "C" retroactive to March 1, 1977. She was also given $992 in back pay, and her current position was reclassified from level "B" to level "C" to avoid the need for her to relocate.

After being advised of the settlement, the district court held a separate hearing on the issue of attorneys' fees. It denied the fees, and an appeal was taken. Upon remand pursuant to *Young v. Kenley*, 614 F.2d 373 (4th Cir. 1979), the district court again denied attorneys' fees.

II

As we observed in *Bonnes*, 599 F.2d at 1318, "[t]he discretion of the district court in deciding whether to award attorney's fees to a prevailing party is narrowly limited." Furthermore, we stated:

That civil rights litigation ends in a consent judgment does not preclude an attorney's fee award under § 1988. Consent judgments normally involve some element of compromise, of "benefit" to both parties, but the legislative history indicates that Congress intended that a plaintiff who obtained its objective through a consent judgment could be a "prevailing party" within the meaning of the statute.

The Supreme Court has recently held that fees may be assessed under § 1988 against

state officials after a case has been settled by entry of a consent decree without any determination that the plaintiff's constitutional rights have been violated. *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

The state removed the bar that made Young ineligible for promotion before this action was filed. Even so, by this litigation Young achieved more than eligibility. She obtained her objective of actual appointment to the position of public health nurse level "C." Without the impetus of the suit, she could not have obtained part of the back pay she claimed and reclassification of her current position from "B" to "C." Indeed, the state did not settle until after she had presented her case. Having achieved some of her objectives by compromise, Young is a prevailing party within the meaning of the statute, as the district court recognized.

*Bonnes* acknowledged that special circumstances can render an award of attorneys' fees unjust. No such circumstances justify denial here. Young's suit was not frivolous or unnecessary. She filed her EEOC complaint, on which her federal claim is based, before the state changed its regulation. More importantly, her complaint alleged discrimination back to 1973. That she settled for a promotion retroactive only to the time the regulation barring her advancement was eliminated and for reclassification of her current position does not mean that her suit was superfluous. It does not mean that her claim of discrimination was invalid as a matter of law. It simply indicates, as we noted in *Bonnes*, that compromise is integral to settlement.

This case is readily distinguishable from *Bly v. McLeod*, 605 F.2d 134 (4th Cir. 1979). In that case a statutory amendment to South Carolina's absentee ballot provision mooted plaintiffs' case. This court found that plaintiffs were not prevailing parties and denied attorneys' fees. We observed, "In order to recover attorneys' fees and costs, plaintiffs must show at least some success on the merits." 605 F.2d at 137. The substantive relief in *Bly* was

obtained by legislative enactment which was not shown to have resulted from the judicial proceeding. Here, in contrast, settlement in the midst of trial demonstrates the lawsuit and the benefits obtained are causally related. Moreover, Young has clearly demonstrated success on the merits.

Accordingly, we reverse and remand to the district court to award reasonable attorneys' fees in accordance with the 12 factors set out in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), for services at both the trial and appellate levels, including those expended to resolve the issue of attorneys' fees. *See Bills v. Hodges*, 628 F.2d 844, 847 (4th Cir. 1980); *Love v. Mayor, City of Cheyenne, Wyoming*, 620 F.2d 235, 237 (10th Cir. 1980); *Knighton v. Watkins*, 616 F.2d 795, 800 (5th Cir. 1980); *Bagby v. Beal*, 606 F.2d 411, 415–16 (3d Cir. 1979); *Gagne v. Maher*, 594 F.2d 336, 343–44 (2d Cir. 1979), *aff'd on other grounds*, 444 U.S. 824, 100 S.Ct. 44, 62 L.Ed.2d 30 (1980).