856 F.2d 606
 Joseph D. FINN; Kenneth R. Boyd; G.L. Bryant; Heinz J.
Sander; David L. Brock; Julian W. Cheney;
Elmore Jackson; Devere W. Tyler,
Plaintiffs- Appellants,
v.
UNITED STATES of America; Office of Personnel Management;
Donald Devine, Defendants-Appellees.
 No. 87-3039.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1988.
Decided Sept. 6, 1988.
 
 David H. Shapiro (Michael J. Kator, Kator, Scott & Heller, Washington, D.C., on brief), for plaintiffs-appellants.
 John Samuel Koppel (John R. Bolton, Asst. Atty. Gen., Washington, D.C., Vinton D. Lide, U.S. Atty., Columbia, S.C., William Kanter, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., on brief), for defendants-appellees.
 Before WINTER, Chief Judge, and SPROUSE and CHAPMAN, Circuit Judges.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 Plaintiffs are eight Air Reserve Technicians employed by the federal government who seek judicial review of their job classifications. The district court held that it could not review the final classification decision of defendant United States Office of Personnel Management (OPM), reasoning that Congress generally deprived the federal courts of subject matter jurisdiction over such disputes when it enacted the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified, as amended, in various sections of Title 5, United States Code). After the district court rendered its decision, 650 F.Supp. 1436 (1986) OPM published General Schedule (GS)[1] classification standards for plaintiffs' jobs. Plaintiffs are now awaiting reclassification pursuant to these new standards. We therefore hold that this appeal is moot.
 
 I.
 
 2
 Plaintiffs' jobs are officially designated as Air Reserve Technician Loadmaster (Instructors). On September 28, 1984, plaintiffs filed a complaint in district court seeking review of the ruling of the OPM Classification Appeals Office that plaintiffs' positions should be classified at the GS-8 level, contesting both their classification level and OPM's failure to promulgate classification standards directly applicable to their positions. They asserted subject matter jurisdiction under the Mandamus Act of 1962, 28 U.S.C. Sec. 1361, and the Administrative Procedure Act, 5 U.S.C. Secs. 701 et seq.[2]
 
 
 3
 The district court granted the government's motion to dismiss plaintiffs' suit in an order dated December 31, 1986. Plaintiffs filed a notice of appeal, and by an order dated July 15, 1987, we stayed appellate proceedings pending the Supreme Court's decision in United States v. Fausto, --- U.S. ----, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (CSRA precludes judicial review of nonpreference eligible employee's suit to recover backpay allegedly owed as a result of suspension from employment).[3] In October, 1987, while our order staying appellate proceedings remained in effect, OPM published classification standards for plaintiffs' positions.
 
 II.
 
 4
 Plaintiffs concede that OPM's publication of standards would render their appeal moot if they were not requesting that we remand this case for consideration of their application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. However, they contend that by virtue of this request for EAJA fees, this case is not moot and we are obliged to reach the question of whether the district court erred as a matter of law in holding that subject matter jurisdiction did not exist.
 
 
 5
 We disagree. Because the plaintiffs were unable to obtain subject matter jurisdiction and have the district court address the merits of their case, we do not think they may be considered prevailing parties within the meaning of 28 U.S.C. Sec. 2412(d). Consequently, this case is now moot and we need not reach the complex question of whether the district court had subject matter jurisdiction over this complaint in light of the passage of the CSRA and the Supreme Court's decision in Fausto.
 
 
 6
 In so holding, we do not depart from case law supporting the award of EAJA fees when litigation is proven to be a catalyst for relief not directly compelled by legal process. See Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081 (2 Cir.1983) (a party obtaining a favorable settlement may be deemed prevailing); cf. Bly v. McLeod, 605 F.2d 134, 139 (4 Cir.1979) (reciting pragmatic test for prevailing party under 42 U.S.C. Sec. 1988, considering situation plaintiff sought to change and whether plaintiff's efforts "contributed in some significant way to the change"), cert. denied, 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980), reprinted in 1980 U.S. Code Cong. & Admin. News 4953, 4984, 4990 (term "prevailing party" should be interpreted in a manner consistent with law developed under other fee-shifting statutes). We do not consider whether a plaintiff could lose in the district court on the merits and still collect EAJA fees upon a demonstration that the government provided for relief outside the judicial arena in anticipation of, or in reaction to, appellate litigation. We hold only that the mere filing of a lawsuit is not, as a matter of law, a sufficient catalyst for a plaintiff to be deemed a prevailing party under 28 U.S.C. Sec. 2412(d); if subject matter jurisdiction has not been found to attach when the plaintiff obtains the desired relief, plaintiff's success outside the courtroom cannot be a proper basis for an award of EAJA fees.
 
 
 7
 Plaintiffs claim for EAJA fees is therefore not legally cognizable. As plaintiffs concede, without this claim their appeal is moot.
 
 
 8
 We vacate the district court's judgment and remand the case to the district court with instructions to dismiss plaintiffs' complaint as moot. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 & n. 2, 71 S.Ct. 104, 106-107 & n. 2, 95 L.Ed. 36 (1950).
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 See 5 U.S.C. Sec. 5332(a)
 
 
 [2]
 After plaintiffs filed suit in federal court, they filed a complaint with the Office of Special Counsel (OSC) of the Merit Systems Protection Board (MSPB). The OSC notified plaintiffs on September 8, 1986, that it had found no evidence of any prohibited personnel practice by OPM warranting further consideration by the MSPB
 
 
 [3]
 We have not addressed the precise jurisdictional question considered by the district court. Cf. National Treasury Employees Union v. Egger, 783 F.2d 1114 (D.C.Cir.1986) (pay category reclassification was a minor personnel action precluded from judicial review by the CSRA); Barnhart v. Devine, 771 F.2d 1515, 1524-27 (D.C.Cir.1985) (failure to pursue relief through OSC precludes availability of writ of mandamus; mandamus relief would have been available if OSC had "utterly failed to take action" on classification complaint); Carducci v. Regan, 714 F.2d 171 (D.C.Cir.1983) (adverse personnel action under the CSRA not subject to judicial review)