**Ralph WILDERSON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–K–1340.**

United States District Court, D. Colorado.

Jan. 9, 1992.

**1348**

Robert C. Dawes, Dawes & Crane, Durango, Colo., for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER ON MOTION FOR ATTORNEY FEES

KANE, Senior District Judge.

Plaintiff Ralph Wilderson commenced this action on August 5, 1991, seeking a writ of mandamus to compel the Secretary to issue a decision on his application for disability benefits. On August 28, 1991, the Secretary issued a decision favorable to Wilderson, awarding him benefits. Wilderson moved for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), on October 25, 1991. The Secretary has opposed the motion, contending that Wilderson was not a "prevailing party" as required by the Act and that he is not entitled to attorney fees because the Secretary's position was substantially justified.

■ The Act provides that "a court shall award a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). Case law makes clear that a litigant may be considered a prevailing party even though the case is settled before trial or otherwise becomes moot, as long as the litigant has substantially achieved what he has set out to do by commencing the litigation. *See Montes v. Thornburgh,* 919 F.2d 531, 538 (9th Cir. 1990); *Jean v. Nelson,* 863 F.2d 759, 766 (11th Cir.1988), *aff'd,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). An award of fees to the litigant is not appropriate, however, unless he can establish a causal connection between the relief he received and the filing of the lawsuit. *See Public Citizen Health Research Group v. Young,* 909 F.2d 546, 549–50 (D.C.Cir.1990) ("claimant must show that it is more probable than not that the government would not have performed the desired act absent the lawsuit").

■ Here, there is no question that Wilderson obtained all the relief he requested. Yet, there is nothing to establish a causal connection between his commencement of this lawsuit and the Secretary's issuance of the decision. The temporal proximity between Wilderson's filing of the suit and the Secretary's ruling, without more, is insufficient to show that Wilderson's action was a factor in causing the Secretary to issue a ruling, *see Finn v. United States,* 856 F.2d 606, 608 (4th Cir.1988) ("mere filing of a lawsuit is not, as a matter of law, a sufficient catalyst for a plaintiff to be deemed a prevailing party under 28 U.S.C. § 2412(d)"); *Correa v. Heckler,* 587 F.Supp. 1216, 1221 (S.D.N.Y.1984) (chronology insufficient to show that motion was the catalyst that induced Secretary to comply voluntarily with request for expedited review), particularly since Wilderson did not seek a change in the administration's policy or procedures. *Compare Martin v. Heckler,* 773 F.2d 1145, 1148–49 (11th Cir.

1985) (plaintiff's action, though mooted, caused Secretary to rescind new policy and reinstate benefits); *Ward v. Schweiker,* 562 F.Supp. 1173, 1176 (W.D.Mo.1983) (action brought by SSI claimants served as clear catalyst for settlement agreement with Secretary specifying detailed procedures for the timely processing of claims).

Accordingly, Wilderson cannot be deemed a prevailing party, and his motion for attorney fees under 28 U.S.C. § 2412(d) is DENIED.