**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEPHEN MILNE,
Plaintiff-Appellant,

and

SUSAN M. HABIT,
Plaintiff,                                                        No. 96-1128

v.

TOGO D. WEST, JR., Secretary of the
Army,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-95-1142-A)

Submitted: March 26, 1996

Decided: April 15, 1996

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen Milne, Appellant Pro Se. Paula Pugh Newett, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the district court's order granting Defendant's motion to dismiss or, in the alternative, for summary judgment, and dismissing his complaint. Appellant, a federal employee, brought suit under the Mandamus Act of 1962, 28 U.S.C. § 1361 (1988), seeking a writ of mandamus ordering Defendant to promote him to a General Schedule (GS) 14 level, based on alleged violation of 5 U.S.C. § 5101 (1988). Appellant claimed that for a period of time of over four years he had performed the work of GS-14 employees, while classified and paid at a GS-13 level. Appellant does not dispute that following that period of time, he performed, was classified, and was paid at a GS-13 level. The sole remedy Appellant sought is mandamus to compel Defendant to retroactively promote him to level GS-14. Appellant exhausted his available administrative remedies. [1]

At the conclusion of a hearing on Defendant's motion to dismiss or for summary judgment, the district court held that it has no authority to grant mandamus. This timely appeal followed.

Mandamus is a drastic remedy, only to be granted in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384 (1953)); Beard, 811 F.2d at 826.

_____

[1] Specifically, Appellant filed a complaint with the Office of Special Counsel (OSC) of the Merit Systems Protection Board (MSPB). The OSC notified Appellant that it found no evidence of any prohibited personnel practice warranting further consideration by the MSPB.

Courts are extremely reluctant to grant a writ of mandamus, and the decision is within the discretion of the court addressing the application for the writ. Beard, 811 F.2d at 827 (citations omitted).

We have reviewed the record, including the transcript of the hearing on the dispositive motion, and find no reversible error. Even assuming the district court had subject matter jurisdiction, a tenuous assumption,[2] Appellant's claim is moot because he no longer is performing GS-14 work. See, e.g., Finn v. United States, 856 F.2d 606, 608 (4th Cir. 1988).

Accordingly, we affirm the district court's grant of Defendant's motion to dismiss or for summary judgment, and its dismissal of Appellant's suit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____

[2] **See National Treasury Employees Union v. Egger**, 783 F.2d 1114, 1117 (D.C. Cir. 1986) (pay category reclassification was a minor personnel action precluded from judicial review by the Civil Service Reform Act (CSRA)); Pinar v. Dole, 747 F.2d 899, 909 (4th Cir. 1984) (federal employee aggrieved by personnel actions allegedly violative of his first amendment rights is limited to the remedies provided by the CSRA), cert. denied, 471 U.S. 1016 (1985); Barnhart v. Devine, 771 F.2d 1515, 1524 (D.C. Cir. 1985) (failure to pursue relief through the Office of Special Counsel (OSC) precludes availability of writ of mandamus; mandamus relief would have been available if OSC had "utterly failed to take action" on classification complaint); Carducci v. Regan, 714 F.2d 171 (D.C. Cir. 1983) (adverse personnel action under CSRA not subject to judicial review unless OSC fails to perform adequate statutory inquiry).