**Michael FITZHARRIS, Plaintiff-Appellee,**

v.

**Charles L. WOLFF, Warden, and William Lattin, Warden, Defendants-Appellants.**

**No. 81–6004.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 1982.

Decided April 1, 1983.

Ernest E. Adler, Carson City, Nev., for defendants-appellants.

Robert P. Dickerson, Las Vegas, Nev., for plaintiff-appellee.

Before DUNIWAY and BOOCHEVER, Circuit Judges, and KEEP,* District Judge.

DUNIWAY, Circuit Judge:

Nevada prison authorities appeal from a judgment granting plaintiff Fitzharris' motion for attorney's fees under 42 U.S.C. § 1988 (Supp.1980). We affirm.

## I. The Facts.

Fitzharris was serving a ten-year sentence at Southern Nevada Correctional Center. On May 13, 1980, he was accused at a disciplinary hearing of destruction of property and burglary of the prison infirmary. The Correctional Center Classification Committee recommended that he be transferred to Nevada State Prison at Carson City. On May 15, he sent a handwritten letter to the district court, in which he said that, if he were transferred to the State Prison, he would be killed by some of the inmates there.

Upon receiving the letter, the district judge treated it as a complaint under 28 U.S.C. § 1343 or a petition under 28 U.S.C. § 2254, issued a temporary restraining order prohibiting transfer of Fitzharris to State Prison, set a hearing for May 23, and appointed attorney Robert P. Dickerson as counsel for Fitzharris.

Attorney Dickerson filed affidavits and points and authorities in support of the petition and of a motion for a preliminary injunction. He appeared at the hearing on May 23, filed another affidavit, and argued the matter. A deputy attorney general of Nevada also appeared, filed affidavits and points and authorities, and argued. At the conclusion of the hearing, the court continued the restraining order in effect pending disposition of the motion for a preliminary injunction, or until further order of the court. The restraining order remained in effect until final disposition of the case. On May 27, the court ordered further filings by June 13, the matter to then stand submitted. Further voluminous affidavits were filed, and on September 23, a motion for leave to file an amended complaint of 42 pages plus exhibits was filed. No motion to dissolve the temporary restraining order was made.

On February 19, 1981, Fitzharris was paroled, the order requiring that he leave the state of Nevada and not come back during his period of parole. On March 20, the parties stipulated that the case was moot, except for attorney Dickerson's motion for counsel fees. The court so ordered on June 16. Finally, on November 9, the court en-

---

* The Honorable Judith N. Keep, United States District Judge for the Southern District of California, sitting by designation.

tered a judgment granting $13,424 in attorney fees, plus $134.05 costs. The balance of the action was dismissed as moot.

## II. *Prevailing Party.*

Section 1988 of 42 U.S.C. provides, in civil rights cases, for an award of a reasonable attorney's fee to "the prevailing party." The appellants argue that Fitzharris is not a prevailing party. The question is by no means free from doubt, but we think that our own precedents support the conclusion that Fitzharris is the prevailing party.

The circuits are not in agreement as to the definition of prevailing party. *Compare Bonnes v. Long, (Bonnes I),* 4 Cir., 1979, 599 F.2d 1316, 1319, with *Nadeau v. Helgemoe,* 1 Cir., 1978, 581 F.2d 275, 281. *See also,* Justice Rehnquist's dissent, 1982, 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681, from denial of certiorari in *Long v. Bonnes* (*Bonnes v. Long, (Bonnes II),* 4 Cir., 1981, 651 F.2d 214) and *Kenley v. Young* (*Young v. Kenley,* 4 Cir., 1981, 641 F.2d 192).

*Bonnes I* says that the court should first establish as a benchmark "the precise factual/legal condition that the fee claimant has sought to change or affect," and then determine "whether as a quite practical matter the outcome, in whatever form it is realized, is one to which the ... fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition." 599 F.2d at 1319. This is a rather verbose way of saying "first determine what the lawsuit sought to accomplish and then determine whether it was accomplished by means of the suit." We quoted and applied the *Bonnes I* test in *American Constitutional Party v. Munro,* 9 Cir., 1981, 650 F.2d 184, 187. We construed the test as requiring "some sort of clear, *causal relationship* between the litigation brought and the practical outcome realized," *id.* at 188, (emphasis in original), and we held that such a relationship had not been established in that case, which had been mooted by amendment by the legislature of the statute attacked by the plaintiffs.

*Nadeau, supra,* requires an additional element in establishing that a claimant is a "prevailing party." There must be, in addition to a causal relationship between the lawsuit and the result obtained, a legal basis for the plaintiff's claim—it must not be "frivolous, unreasonable or groundless." (581 F.2d at 281, quoting *Christiansburg Garment Co. v. E.E.O.C.,* 1978, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648.) Justice Rehnquist's view is that an action brought by a litigant must "contain[ ] some basis in law for the benefits ultimately received by [the] litigant" (455 U.S. at 967, 102 S.Ct. at 1479), and that this is required by *Nadeau.*

We have more than once cited and followed *Nadeau,* but without recognizing any difference between it and *Bonnes I,* or even citing *Bonnes I. See Sethy v. Alameda County Water Dist.,* 9 Cir., 1979, 602 F.2d 894, 898; *Williams v. Alioto,* 9 Cir., 1980, 625 F.2d 845, 847; *Bartholomew v. Watson,* 9 Cir., 1982, 665 F.2d 910, 914; *Twin City Sportservice, Inc. v. Charles O. Finley & Co.,* 9 Cir., 1982, 676 F.2d 1291, 1314, 1315. However, in those cases we relied on *Nadeau* for propositions different from the one at issue in this case.

We need not attempt to reconcile *Bonnes I* and *Nadeau* here, because the plaintiff in this case meets both tests. Fitzharris' letter/complaint stated but one claim for relief—a claim that he ought not to be transferred to State Prison. He achieved that relief in full, and it is abundantly clear that it was his action and the judge's order, and those things only, that prevented the transfer. Thus he meets the *Bonnes I* test. As we shall see, his claim for relief contained a substantial basis in law for the result that he sought. Thus he meets the *Nadeau* test.

It is argued that all that Fitzharris obtained from the court was a temporary restraining order, which is not a determination on the merits. *See Bly v. McLeod,* 4 Cir., 1979, 605 F.2d 134, 137. Here, however, the order was in effect from May 15 to May 23, was extended by order of the court on May 27, and remained in effect,

without a motion by the defendants to dissolve it, until the action was finally dismissed as moot on March 20 of the next year. The order of May 27 was not labelled a preliminary injunction, but it served the same function, and is not analogous to the temporary restraining order that was issued in *Bly, supra.*

Nor is the fact that the action became moot when Fitzharris was paroled a basis for denying him prevailing party status. Analogous is *Williams v. Alioto, supra,* in which the action became moot after the plaintiffs had obtained a preliminary injunction, which stopped the conduct of which the plaintiffs complained. *See* 625 F.2d at 847. Also analogous is *Maher v. Gagne,* 1980, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653, where the plaintiff "prevailed through a settlement rather than through litigation." (*id.* at 129, 100 S.Ct. at 2574)

The case of *Hanrahan v. Hampton,* 1980, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670, is not in point here. There, attorney fees were awarded to a party who had prevailed in an appeal that did not deal with the merits of the claim for relief. The appellate court had held only that plaintiffs were entitled to a new trial and were entitled to certain discovery. The Court held that the statute did not contemplate an award in such a case; the action remained to be tried. The case at bar is different; the action has been finally disposed of and Fitzharris got the relief that he sought—he was not transferred to State Prison.

### III. *Deprivation of Constitutional Right.*

The district court concluded that Fitzharris' complaints "more than adequately [alleged] cognizable claims for relief under 42 U.S.C. § 1983, § 1985, and § 1986 [and] also adequately [alleged] a cause of action under at least the Eighth and Fourteenth Amendments to the Constitution of the United States." This finding, if correct, satisfies the additional requirement of *Nadeau, supra,* namely, a legal basis for Fitzharris' claim. We hold that the district judge was right. Fitzharris alleged that if he were transferred to the State Prison, he would be killed, and that

the prison authorities knew it. Arguably, to send him to State Prison under these circumstances would amount to cruel and unusual punishment in violation of the Eighth Amendment. *Franklin v. Oregon,* 9 Cir., 1981, 662 F.2d 1337, 1346–1347. *See, also, Woodhous v. Virginia,* 4 Cir., 1973, 487 F.2d 889, 890.

### IV. *Unreasonable Amount.*

Finally, appellants argue that the district court abused its discretion in fixing the amount of the attorney's fees award.

An abuse of the discretion occurs if the court does not consider the relevant guidelines for determining the amount of a fee award. *See Manhart v. City of Los Angeles,* 9 Cir., 1981, 652 F.2d 904, *vacated on other grounds,* 1978, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657; *Fountila v. Carter,* 9 Cir., 1978, 571 F.2d 487, 496, citing *Johnson v. Georgia Highway Express, Inc.,* 5 Cir., 1974, 488 F.2d 714, 717–718. Here counsel for Fitzharris submitted a detailed itemization of his time spent on the case. The district court specifically considered the *Johnson* factors, and concluded:

> After reviewing the record, and from the Court's own recollection of counsel's meticulous preparation at every stage of this litigation, 167.8 hours of service is not an inflated figure. Counsel further represents that during the period of this litigation, his normal billing rate was $80 an hour (not an exhorbitant rate in this community), . . .

> Were this action resolved on its merits, there is a substantial likelihood that novel and unique issues would have been decided in the area of Eighth Amendment protections. Particularly at the early stage of litigation, Plaintiff's counsel was required to virtually abandon his daily law practice in preparation for and in response to the hearing on Plaintiff's Motion for Preliminary Injunction on May 23, 1970.

The award is generous, but we cannot hold that it was an abuse of the district court's discretion.

## V.  Other Contentions.

None of the appellants' other contentions was raised in the district court.  We therefore decline to consider them.  *Rothman v. Hospital Service of Southern California,* 9 Cir., 1975, 510 F.2d 956, 960.

Affirmed.