Roy TYSON

v.

Lawrence R. TILGHMAN.

Roy TYSON

v.

Lawrence R. TILGHMAN, Larry R. Meachum.

Nos. 591CV00166 (WWE), 591CV00167 (WWE).

United States District Court, D. Connecticut.

April 3, 1991.

Roy Tyson, pro se.

## MEMORANDUM OF DECISION

EGINTON, District Judge.

The plaintiff brings these actions *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 2254, 42 U.S.C. § 1981 *et seq.*, 28 U.S.C. § 1332, and the Fourth, Eighth, and Fourteenth Amendments.[1] He states that his transfer to an out-of-state prison was illegal and has resulted in his false imprisonment. Plaintiff seeks release, declaratory and injunctive relief, compensatory damages in the amount of $250,000 and punitive damages in the amount of $50,000. For the reasons set forth below, these actions are dismissed.

■ Initially, it is clear that plaintiff's petition for a writ of habeas corpus must be dismissed on exhaustion grounds. A prerequisite to habeas relief under § 2254 is the exhaustion of all available state remedies. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *Daye v. Attorney General of State of New York*, 696 F.2d 186, 190 (2d Cir.1982), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); 28 U.S.C. § 2254(b). Ordinarily, the exhaustion requirement is satisfied if the federal issue has once been properly and fairly presented to the highest state court, either by collateral attack or

---

**1.** Because these actions allege similar claims raising common questions of law and fact, they shall be consolidated for all purposes pursuant to Rule 42(a), Fed.R.Civ.P.

direct appeal. *Daye*, 696 F.2d at 190–91 n. 3. To the extent that plaintiff raises a cognizable federal issue, he does not allege that it has been presented to the appropriate state courts. Accordingly, plaintiff's habeas corpus petition must be dismissed. The remainder of this memorandum will address only plaintiff's civil rights complaint.

The gravamen of plaintiff's claims is that the contract controlling his transfer is void because it lacks proper "authentication." [2] He states that the contract entered into by Massachusetts and Connecticut is defunct because it is not endorsed by the Governor or Secretary of Connecticut and it lacks "wafer-seals" of authenticity from either state. Plaintiff alleges that under Massachusetts law, the seal of the Commonwealth must be affixed to all documents executed in the name of the State and the absence of the seal renders a contract void.

In order to state a claim for relief under § 1983 of the Civil Rights Act, plaintiff must allege that a person, acting under color of state law, has deprived him of a constitutionally or federally protected right. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986). Plaintiff's complaint fails to demonstrate the violation of a protected right.

It is settled law that prison transfers do not implicate due process protections unless some right or justifiable expectation exists in state law that the prisoner will not be transferred except upon misbehavior or some other specific event. *Montayne v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976); *accord, Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 248, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Connecticut law creates no such expectation. *Cofone v. Manson*, 594 F.2d 934, 938–30 (2d Cir. 1979). Instead, the Commissioner of Corrections is afforded broad authority to transfer state prisoners. *See* Conn.Gen. Stat. §§ 18–91(a) and 18–102 *et seq.* Generally, "[s]tate law creates a liberty interest for due process purposes if state statutes or regulations place substantive limitations on the discretion of the relevant decisionmaker." *Deane v. Dunbar*, 777 F.2d 871, 875 (2d Cir.1985). In this instance, no state statute, rule or regulation substantively limits the discretion of the Commissioner of Correction to transfer prisoners. Thus, plaintiff maintains no right or justifiable interest in remaining in a Connecticut correctional facility.

Absent a protected federal right, plaintiff's challenge to the authenticity of the state contract fails to state a cognizable constitutional claim. Even if the court were to assume that the contract is void (a proposition very much in doubt, *see* Conn. Gen.Stat. §§ 103 and 104), plaintiff's claim raises only issues of state law. The violation of state law does not in itself implicate Constitutional rights and is not alone actionable under § 1983. *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir.1985), *cert. denied*, 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). Because plaintiff fails to allege the violation of any underlying federal law, he fails to state a claim upon which relief can be granted.

Accordingly, this complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Plaintiff's petition for a writ of habeas corpus is dismissed for failure to exhaust available state remedies. It is certified that any appeal *in forma pauperis* from this order would not be taken in good faith because such an appeal would be frivolous. 28 U.S.C. § 1915(a). Because plaintiff makes an adequate demonstration of poverty, the request to docket these actions without prepayment of the filing fees is GRANTED.

SO ORDERED.

---

**2.** The court notes that plaintiff is not challenging the validity of the New England Interstate Corrections Compact. *See* Conn.Gen.Stat. § 18–102 *et seq.* Instead, he attacks only the contract made pursuant to that statute. *See* Complaint, Exhibit 6.