995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. JACOBS, Plaintiff-Appellant,
v.
Ron ANGELONE, et al., Defendant-Appellee.
 No. 92-16698.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Jacobs, a Nevada state prisoner, appeals pro se the district court's dismissal pursuant to the local rules of Jacobs's civil rights action against several Nevada prison officials.[1] The district court dismissed Jacobs's action because Jacobs failed to file a timely opposition to defendants' motion to dismiss/motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal pursuant to the local rules for abuse of discretion. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989). We vacate and remand.
 
 
 3
 * Background
 
 
 4
 Jacobs filed this action against several Nevada state prison officials, alleging they violated his constitutional rights by subjecting Jacobs to numerous life-threatening institutional transfers.[2] On January 29, 1992, defendants filed a motion to dismiss/motion for summary judgment. On February 13, 1992, the district court granted Jacobs an extension of time until March 19, 1992 to file an opposition. In its order, the district court stated that "[n]o further extensions of time relating to this Motion shall be granted by the Court."
 
 
 5
 On March 20, 1992, Jacobs filed an opposition to defendants' motion to dismiss/motion for summary judgment and a cross-motion for summary judgment. On March 23, 1992, the district court entered an order instructing the court clerk to file Jacobs's opposition and cross-motion for summary judgment as a "motion for extension of time." The district court concurrently entered an order denying the motion for extension of time. On March 25, 1992, the district court entered an order striking Jacobs's opposition from the record.
 
 
 6
 On May 20, 1992, the district court entered an order granting defendants' motion to dismiss/motion for summary judgment and dismissing Jacobs's complaint. In granting defendants' motion, the district court relied on Nev.D.Ct.Local R. 140-6, which states that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." The district court then entered judgment for defendants and dismissed Jacobs's amended complaint.
 
 
 7
 On June 1, 1992, Jacobs filed a motion to vacate the judgment and a motion for leave to file a supplemental complaint. On August 28, 1992, the district court entered an order denying Jacobs's motion to vacate.
 
 II
 Analysis
 
 8
 A plaintiff may bring an action for civil rights violations under 42 U.S.C. § 1983 by demonstrating that defendants, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. § 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A prisoner states a cause of action under section 1983 when he alleges that prison officials transferred him to a prison that prison officials knew housed inmates who represented a threat to the prisoner's life. See Fitzharris v. Wolff, 702 F.2d 836, 839 (9th Cir.1983) (allegation that prison officials transferred prisoner to prison that prison officials knew housed inmates who would kill prisoner states a claim of cruel and unusual punishment in violation of the Eighth Amendment).
 
 
 9
 A district court properly dismisses a complaint that fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Dismissal of an action for failure to state a claim is appropriate only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (quotations omitted), cert. denied, 113 S.Ct. 599 (1992), and cert. denied, 113 S.Ct. 600 (1992). The allegations of a pro se complaint are construed liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam).
 
 
 10
 Summary judgment is proper if there is "no genuine issue as to any material fact [and] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 11
 Under Nevada's local rules, a non-moving party's failure to file a timely opposition to a motion may be deemed a consent to an order granting the motion. See Nev.D.Ct.Local R. 140-6. Nevertheless, the district court may grant a motion on such basis only insofar as the granting of the motion does not violate the federal rules. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir.1993) (a district court abuses its discretion under the local rules where it grants a motion for summary judgment based on the non-moving party's failure to oppose where the moving papers are insufficient to support the motion); see also Fed.R.Civ.P. 12(b)(6), 56(c).
 
 
 12
 Here, the district court dismissed Jacobs's action because Jacobs failed to file a timely opposition to defendants' motion to dismiss/motion for summary judgment.[3] The district court erred by granting defendants' motion pursuant to the local rules because defendants' papers were insufficient to support their motion in full. See Henry, 983 F.2d at 949-50.
 
 
 13
 Defendants based their motion to dismiss/motion for summary judgment on the grounds that an inmate has no constitutional right not to be transferred within the state's prison system and that multiple transfers do not violate due process or the Eighth Amendment. Defendants also argued that Jacobs's claims of double jeopardy and violation of due process were moot because the records of his disciplinary hearings had been purged. Additionally, defendants argued that Jacobs's claims of conspiracy were too vague to state a cause of action. Finally, defendants argued that a portion of Jacobs's complaint was barred by Nevada's two-year statute of limitations.
 
 
 14
 Nevertheless, defendants' motion failed to address Jacobs's claim that the transfers constituted cruel and unusual punishment because such transfers exposed him to life-threatening situations. Jacobs's complaint adequately alleged a cause of action under the Eighth Amendment on this claim. See Fitzharris, 702 F.2d at 839. Further, the exhibits to defendants' motion included a chronology log, which indicated that prison officials were aware that Jacobs's known enemies were housed at Ely State Prison ("ESP"). The log also indicates that Jacobs was transferred to ESP on more than one occasion. Thus, even if construed as a motion for summary judgment, defendants' motion was not sufficient to show that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law. See Celotex, 477 U.S. at 323. Accordingly, the district court erred by granting defendants' motion to dismiss/motion for summary judgment and dismissing Jacobs's complaint. See Henry, 983 F.2d at 949-50.[4]
 
 
 15
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jacobs also appeals the district court's order denying his motion to vacate the judgment. Because Jacobs filed a timely Fed.R.Civ.P. 59(e) motion, the time for filing a notice of appeal was tolled. See Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987). Accordingly, we have jurisdiction to review the underlying judgment and the denial of the motion to vacate. See id
 
 
 [2]
 Jacobs's complaint alleged that prison officials subjected him to cruel and unusual punishment by transferring him to state prisons that housed his known enemies, who had killed his brother. The complaint also alleged that disciplinary hearings conducted by the prison officials violated his right to due process and amounted to double jeopardy
 
 
 [3]
 The district court did not specify whether it was treating defendants' motion as a motion to dismiss or as a motion for summary judgment. If matters outside the pleadings are considered by the court, then a Rule 12(b)(6) motion is treated as a motion for summary judgment. Del Monte Dunes at Monterey, Ltd. v. Monterey, 920 F.2d 1496, 1507 (9th Cir.1990). Here, defendants supported their motion with exhibits. Nevertheless, it is unclear whether the district court considered such exhibits
 
 
 [4]
 Jacobs also appeals the district court's denial of his motion to vacate the judgment. We review a district court's denial of a Rule 59(e) motion for abuse of discretion. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Because the district court erred by granting defendants' motion to dismiss/motion for summary judgment, it was an abuse of discretion to deny Jacobs's motion to vacate