Boykin v. Prison Warden, et al.      CV-95-395-B    09/13/95
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


Kenneth W. Boykin

        v.                                Civil No. 95-395-B

Prison Warden, et al.


                          **O R D E R**

     Kenneth Boykin, proceeding pro se and in forma pauperis,

files a complaint alleging violations of his First, Fifth, and

Fourteenth Amendment rights.  Following a preliminary review of

his complaint pursuant to 28 U.S.C.A. § 1915(d) (West 1994), I

dismiss his claims as presently drafted and direct him to correct

the deficiencies in his pleading to maintain his suit.


                     **I.  DISCUSSION**

     Before ordering service of an in forma pauperis complaint on

the defendants, I review the sufficiency of the complaint and may

dismiss claims that are frivolous or malicious.  28 U.S.C.A. §

1915(d); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Claims

that rely on an indisputably meritless legal theory, or allege

delusional or baseless facts will not pass review under §

1915(d).  Id. at 327.  If the plaintiff's complaint does not fall

into the frivolous category, but would not survive Rule 12(b)(6) scrutiny, I will allow the plaintiff an opportunity to amend to clarify his claims and correct deficiencies in his pleadings. See Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991). I turn to Boykin's complaint first summarizing his allegations and then evaluating its sufficiency.

Boykin alleges that he is a prisoner of the state of Connecticut who has been serving his sentence at the New Hampshire State Prison since 1988. He seems to allege that he was transferred from Connecticut to New Hampshire because of attacks on him by other inmates and that his transfer from Connecticut to New Hampshire was against his will. At New Hampshire State Prison, he alleges, he is again in danger, "in a kill or be killed situation." He wants to be returned to Connecticut to avoid problems here and because his family is in Connecticut. He complains that the defendants have mishandled his requests for transfer and have failed to exercise their discretion under the Interstate Corrections Compact to transfer him back to Connecticut although another inmate, who faced less danger, was transferred to Massachusetts. He further alleges that the defendants' failure to transfer him violates his due process rights.

2

Although Boykin does not characterize his complaint as a civil rights action or make reference to a potentially applicable statute such as 42 U.S.C.A. § 1983 (West 1994), he clearly intends to bring a civil rights action. Boykin cites the First, Fifth, and Fourteenth Amendments as well as "A.R.S. 41-1604 Subd. B2(e)" as legal grounds for his claims against the defendants. Because the complaint contains no factual allegations or discussion to support any claim for violation of his First or Fifth Amendment rights,[1] those claims are dismissed as frivolous. <u>Neitzke</u>, 490 U.S. at 327. I now address his claims under the Fourteenth Amendment.

Boykin was transferred from Connecticut to New Hampshire under the Interstate Corrections Compact, which provides that Connecticut officials have broad discretion in ordering transfers of inmates and retain authority to determine where its inmates are imprisoned. <u>See</u> Conn. Gen. St. Ann. § 18-102 (West 1992); <u>see also</u> <u>Tyson v. Tilghman</u>, 764 F. Supp. 251, 253 (D. Conn. 1991). Despite his conclusory statements to the contrary, Boykin

---

[1] Boykin seeks to avoid violence in New Hampshire by being returned to prison in Connecticut. Neither the First nor the Fifth Amendment addresses the conditions of his confinement nor requires an inmate to be placed in a particular institution under any legal theory or factual scenario.

3

does not have a Fourteenth Amendment liberty interest in being returned to Connecticut. See Sandin v. Conner, 115 S. Ct. 2293, 2300 (an inmate's Fourteenth Amendment liberty interest in freedom from restraint is limited to restraints which "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Olim v. Wakinekona, 461 U.S. 238, 247 (1983) (due process clause does not create a protectable liberty interest in avoiding interstate prison transfers because such transfers are "neither unreasonable nor unusual"). Therefore, the Fourteenth Amendment does not require any process or procedure in handling Boykin's requests to be transferred back to Connecticut.[2]

To state an equal protection claim under the Fourteenth Amendment, a plaintiff "must first 'identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently, instances which have the

---

[2] If Boykin's reference to "A.R.S. 41-1604 Subd. B2(e)" was intended to cite statutory or regulatory authority for a particular process or procedure related to his transfer, he must clearly identify the source of his cite. His citation does not appear to refer to either New Hampshire or Connecticut law relevant to interstate transfer of prisoners. See, e.g., N.H. Rev. St. Ann. § § 622-A:2 and 622-B (1986); Conn. Gen. Stat. Ann. § § 18-102 and 18-106 (West 1995).

capacity to demonstrate that [plaintiffs] were singled . . . out for unlawful oppression.'" Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995) (quoting Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989)) (internal quotations omitted). Boykin has alleged no facts that would support an equal protection claim despite his statement that another inmate was transferred to an out-of-state prison. Thus, because Boykin's legal theory based on a Fourteenth Amendment violation is undisputedly meritless, that claim is dismissed. Neitzke, 490 U.S. at 327.

Although Boykin has not raised a claim of cruel and unusual punishment, his concerns about his safety and welfare may be cognizable under the Eighth Amendment. Prison officials have a duty to protect inmates from violence inflicted by other inmates only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The prison official's requisite mental state may be shown both by evidence of actual knowledge of a substantial risk and by circumstantial evidence that the risk was obvious. Id. at

5

1981-82.

The essence of Boykin's complaint is that he wants to be returned to prison in Connecticut. The Eighth Amendment protects inmates from cruel and unusual punishment but does not require that an inmate be incarcerated in a prison in a particular state to avoid inhumane conditions elsewhere.[3] Thus, even if facts exist to support an Eighth Amendment claim, the remedy will not require the defendants to transfer Boykin to a prison in Connecticut.

If Boykin nevertheless wishes to pursue Eighth Amendment claims, he may amend his complaint to state a cause of action under 42 U.S.C.A. § 1983 alleging recognized constitutional violations. See Forte, 935 F.2d at 3. If he fails to file an amended complaint by October 1, 1995, or if his amendment does not correct the deficiencies explained in this order, his complaint will be dismissed. See Purvis v. Ponte, 929 F.2d 822, 826 (1st Cir. 1991).

---

[3] While an inmate may have an Eighth Amendment right to avoid a particular prison under certain circumstances, see Fitzharris v. Wolff, 702 F.2d 836, 839 (9th Cir. 1983), he does not have the right to demand incarceration or treatment in a particular prison, see, e.g., Jackson v. Fair, 846 F.2d 811, 817-18 (1st Cir. 1988).

6

## II. <u>CONCLUSION</u>

For the foregoing reasons, Boykin's claims under the First, Fifth, and Fourteenth Amendment are dismissed (document 3), but he may amend his complaint to state a civil rights action for violation of his Eighth Amendment rights by filing an amended complaint on or before October 1, 1995.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 13, 1995

cc:  Kenneth Boykin, pro se

7