**John J. McCARTHY**

v.

**John J. ARMSTRONG, Commissioner of Correction, et al.[1]**

**No. 3:95CV1819 (HBF).**

United States District Court, D. Connecticut.

March 9, 1998.

Richard T. Couture, Attorney General's Office, Hartford, CT, for Plaintiff.

John J. McCarthy, Somers, CT, pro se.

Steven R. Strom, Attorney General's Office, Hartford, CT, for Defendant.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FITZSIMMONS, United States Magistrate Judge.

Plaintiff filed this action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. He raised two claims in this action: first, plaintiff contends that he was not af-

---

1. The other defendant is John Doe Director of Health Services. Since this case was filed in June 1995, plaintiff has not identified this John Doe defendant. Thus, this individual has never been served with a copy of the complaint and has not appeared in this action. The motion for summary judgment is filed by defendant Armstrong only.

forded a hearing when he was returned from the Whiting Forensic Institute ("Whiting") in Middletown, Connecticut, to the Northern Correctional Institution ("Northern") in Somers, Connecticut; second, he contends that he was not provided appropriate mental health care at Northern. Pending before the Court is defendant's motion for summary judgment. For the reasons that follow, the motion is granted.

### Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact ....' " *Miner v. Glens Falls,* 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.) (quoting *Anderson,* 477 U.S. at 248), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." *Soto v. Meachum,* Civ. No. B–90–270 (WWE), 1991 WL 218481, at *6 (D.Conn. Aug. 28, 1991). The court resolves "all ambi-

guities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523. Notwithstanding this practice, however, in order to support the denial of a motion for summary judgment, the evidence presented by the non-moving party must be more than "merely colorable." *Anderson,* 477 U.S. at 249–50. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir.1992).

### Facts [2]

In October 1994, after a classification hearing, plaintiff was placed in Administrative Segregation at the Walker Reception and Special Management Unit ("Walker") in Suffield, Connecticut. In March 1995, the location of the Administrative Segregation Unit was changed from Walker to Northern. At that time, plaintiff was transferred to Northern and continued to be confined in Administrative Segregation.

On March 23, 1995, pursuant to an order of the Connecticut Superior Court, plaintiff was transferred to Whiting to undergo a competency evaluation. On May 8, 1995, plaintiff returned to Northern from Whiting and has been confined in Administrative Segregation at Northern since that date. Plaintiff's classification status as an administrative segregation inmate has not changed since his classification hearing in October 1994.

Plaintiff has periodically complained to correctional officials about adjustments to his medication and treatment. Plaintiff's concerns have been forwarded to the appropriate mental health officials for review.

### Discussion

Defendant offers six arguments in support of his motion: (1) plaintiff has raised the same claims in other cases filed in federal

---

**2.** The facts are taken from Defendant's Statement of Material Facts Not In Dispute Pursuant to Local Rule 9(c)(1) [Doc. # 20].

district court; (2) to the extent that plaintiff seeks monetary damages from defendant in his official capacity, the action barred by the Eleventh Amendment; (3) plaintiff fails to allege defendant's personal involvement in his mental health treatment at Northern; (4) plaintiff was not entitled to a hearing when he returned from Whiting to Northern; (5) defendant was not deliberately indifferent to plaintiff's mental health needs; and (6) defendant is entitled to qualified immunity. Because the two claims raised by plaintiff in his complaint are not related, the court considers each claim separately.

## I. *Due Process Claim*

Plaintiff's first claim is that he was not afforded a hearing when he returned to Northern after the competency evaluation at Whiting.

Defendant notes that the district court has addressed related due process claims in a previous action. In *McCarthy v. Meachum*, Case No. 3:94cv238 (TFGD), the court determined that plaintiff was afforded constitutionally adequate due process at the classification hearing which resulted in plaintiff's confinement in the Administrative Segregation Unit at Walker. (*See* Def.'s Mem. Supp. Attachment A, Recommended Ruling on Motions for Permanent Injunction, Preliminary Injunction and Temporary Restraining Order filed November 15, 1994, approved and adopted December 23, 1994.) The court also held that plaintiff was not entitled to a second hearing when he was transferred from Walker to Northern because his status as an administrative segregation inmate did not change. Plaintiff was transferred solely because the physical location of the Restrictive Housing Unit was changed from Walker to Northern. (*See* Def.'s Mem. Supp. Attachment B at 7, C, Ruling on Pending Motions filed August 23, 1995, *aff'd in part, rev'd in part on other grounds, McCarthy v. Meachum*, No. 95–2613, Summary Order, 1996 WL 282132 (2d Cir. May 29, 1996).)

█ Plaintiff now contends that he was denied due process because he was not afforded a hearing when he returned to Northern after undergoing a competency examination at Whiting. Plaintiff was classified as an administrative segregation inmate at the time he was transferred to Whiting and remained so classified when he returned. This court concludes that the determination that plaintiff was not entitled to a second classification hearing when the Restrictive Housing Unit was transferred from Walker to Northern, is applicable in this case. Plaintiff's classification as an administrative segregation inmate did not change simply because he was temporarily transferred to Whiting to undergo a competency evaluation. (*See* Def.'s Statement Material Facts Attachment A, Copy of Affidavit of Peter Murphy filed in *McCarthy v. Kupec, et al.*, Case No. 3:95cv1017(HBF), ¶¶ 11–12.) Thus, he was not entitled to a classification hearing upon his return to Northern.

█ In addition, the court notes that, in Connecticut, the Commissioner of Correction has unlimited discretion to transfer inmates among the various correctional facilities or to outside medical facilities. *See Tyson v. Tilghman*, 764 F.Supp. 251, 253 (D.Conn. 1991) ("no state statute, rule or regulation substantively limits the discretion of the Commissioner of Correction to transfer prisoners"). Thus, plaintiff has no liberty interest in remaining in any particular correctional facility.

Finally, plaintiff's argument that Administrative Directive 9.4 created a liberty interest in a classification hearing upon his return to Northern is ineffective. Administrative Directive 9.4 provides for a hearing before an inmate is confined in administrative segregation. Plaintiff was afforded this hearing in October 1994. Because plaintiff's classification has not changed since October 1994, he is not entitled to another hearing. Accordingly, defendant's motion for summary judgment is granted on plaintiff's due process claim.

## II. *Medical and Mental Health Care*

Plaintiff's second claim is that he was not provided adequate mental health care while he was confined at Northern.

Defendant argues that plaintiff raised this exact claim in *McCarthy v. Venters, et al.*, Case No. 3:95cv1013 (PCD)(HBF), consoli-

dated with *McCarthy v. Venters, et al.,* Case No. 3:95cv1816(PCD)(HBF). On November 10, 1997, the court granted defendants' motion for summary judgment. The court determined that plaintiff failed to present any evidence in opposition to the affidavits and medical records filed by defendants to show that defendants, psychiatrists who treat plaintiff at Northern, were deliberately indifferent to a serious medical need. In this case, plaintiff asserts the same claim against the Commissioner of Correction and unidentified John Doe Director of Health Services.

The federal courts follow the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). By precluding relitigation of previously determined issues, "res judicata and collateral estoppel relieve parties of the cost and vexation ·of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

■ The United States Supreme Court has expanded the doctrine of collateral estoppel by eliminating "the requirement of mutuality in applying collateral estoppel to bar relitigation of issues decided earlier in federal-court suits," *Id.* at 94–95 (citing *Blonder–Tongue Lab., Inc. v. University of Ill. Found.,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)), and allowing "a litigant who was not a party to a federal case to use collateral estoppel 'offensively' in a new federal suit against the party who lost on the decided issue in the first case." *Id.* at 95 (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Collateral estoppel can be applied, however, only when the party against whom the earlier decision is asserted had a full and

fair opportunity to litigate that issue in the previous case. *Id.* (citing *Montana v. United States,* 440 U.S. at 153).

■ In the consolidated cases, plaintiff was afforded a full and fair opportunity to litigate the adequacy of his mental health treatment. He failed to present any evidence in support of his claim and the cases were decided in favor of defendants on summary judgment. Thus, to the extent that plaintiff is attempting to relitigate in this action the adequacy of the mental health treatment he has received at Northern, his claim is barred.

Because the court has previously determined that plaintiff received adequate mental health treatment at Northern, his claims that the Commissioner or Director of Mental Health were deliberately indifferent to his treatment are without merit. Thus, defendant Armstrong's motion for summary judgment is granted as to plaintiff's claims concerning his mental health treatment at Northern.[3]

The Prison Litigation Reform Act, amended 28 U.S.C. § 1915 to provide that the court "shall dismiss [a] case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii) (as amended by Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, April 26, 1996). The only claim applicable to defendant John Doe Director of Health Services is plaintiff's claim concerning his mental health treatment at Northern. The reasoning set forth above concerning defendant Armstrong applies equally to John Doe Director of Health Services. Thus, the complaint is dismissed as to defendant John Doe Director of Health Services.

## Conclusion

Defendant Armstrong's Motion for Summary Judgment [doc. # 18] is GRANTED. All claims against defendant John Doe Director of Health Services are dismissed pur-

---

**3.** Because the court has granted summary judgment in favor of defendant on all of plaintiff's claims, it need not address the remaining argu-

ments raised by defendant in support of his motion.

suant to 28 U.S.C.1915(e). The Clerk is directed to enter judgment and close this case.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge with appeal to the Court of Appeals. (*See* Doc. # 17.)

SO ORDERED.