Toure BUTLER, Plaintiff–Appellant,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, Defendant–Appellee.

No. 99–36187.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2000.

Decided Jan. 19, 2001.

Before B. FLETCHER, THOMAS, and McKEOWN, Circuit Judges.

### MEMORANDUM*

The University of Washington offered Toure Butler, a student with a learning disability, an athletic scholarship and invited him to play on the university's football team.[1] The National Collegiate Athletic Association ("NCAA") declared Butler academically ineligible to receive the scholarship and play on the school's team. Butler brought suit in federal district court against the NCAA, alleging that its academic eligibility criteria violated Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. The district court issued a temporary restraining order ("TRO") and then, after a hearing, issued a preliminary injunction, forbidding the NCAA from enforcing its ineligibility determination against Butler. Before trial, the NCAA entered into a consent decree with the U.S. Department of Justice, under which the NCAA agreed to abide by the requirements of the ADA. Upon the agreement of Butler and the NCAA, the district court dismissed the action. Butler moved the court to grant attorney's fees under 42 U.S.C. § 12205, the fee provision of the ADA. The district court denied the motion, holding that Butler was not a "prevailing party" and so not entitled to attorney's fees.[2] Butler appealed, and we now reverse and remand.

Butler's claim against the NCAA is under the ADA. Thus, the district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The parties are familiar with the facts of this case; we recite only those necessary to explain our holding.

2. The Hon. Robert S. Lasnik decided Butler's motion for attorney's fees. The Hon. Carolyn R. Dimmick had presided over this case through Butler's submission of his motion for attorney's fees.

had jurisdiction pursuant to 28 U.S.C. § 1331.[3] We have jurisdiction under 28 U.S.C. § 1291. We review a decision to award attorney's fees under the ADA for an abuse of discretion. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000).

42 U.S.C. § 12205 states that "[i]n any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." Butler's case against the NCAA was an "action ... commenced pursuant to [the ADA]." Thus, whether he is entitled to attorney's fees depends upon whether he qualifies as a "prevailing party."

■■■ As in other circuits, we evaluate "prevailing party" status under § 12205 within the framework established by the Supreme Court under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.[4] *See Fischer*, 214 F.3d at 1118 (citing *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)); *see, e.g., Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir.1997); *Pottgen v. Mo. State High Sch. Activities Ass'n*, 103 F.3d 720, 723 (8th Cir.1997). The " 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.' " *Farrar*, 506 U.S. at 111 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–

93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). It is not essential for a party to have "obtained a favorable 'final judgment following a full trial on the merits' " in order to be a "prevailing party." *Hanrahan v. Hampton*, 446 U.S. 754, 756–57, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam) (quoting H.R. Rep. No. 94–1158, at 7 (1976)). Rather, a party prevails if the party "succeeds 'on any significant issue in litigation which achieves some of the benefit [it] sought in bringing suit.' " *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir.2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) (alteration in original). If, however, the court awards a party interlocutory relief solely to maintain the status quo, then that party cannot be said to "prevail." *See id.* at 1160–61.

We have held that a party "prevailed" on the basis of interlocutory relief when that relief materially altered the legal relationship of the litigants and gave the party some of the benefits the party sought. *See, e.g., LSO*, 205 F.3d at 1161. In *LSO*, for example, the plaintiff obtained a TRO forbidding the government defendant from interfering with the plaintiff's planned convention and art exhibition. Because the TRO allowed the convention and exhibition to take place, we held that it altered the legal relationship between the parties. Because it also gave the plaintiff the benefit it sought in bringing suit, we held that the plaintiff was a prevailing party under § 1988. *See id.*

---

3. The NCAA argues that it is not subject to the ADA and that, therefore, the district court lacked subject matter jurisdiction over Butler's claim. This argument is without merit. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction ....").

4. Section 1988 states, in relevant part: "In any action or proceeding to enforce a provision of [various civil rights acts], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ...." 42 U.S.C. § 1988(b).

Similarly, in *Harris v. McCarthy,* we held that because the district court's preliminary injunction forbade the government defendant from allowing the dissemination of toxic products in the residential areas of a prison and from interfering with the plaintiffs' reasonable access to communication with counsel, the plaintiffs succeeded on a significant issue in the litigation and were prevailing parties. *See* 790 F.2d 753, 757 (9th Cir.1986); *cf. Hanrahan,* 446 U.S. at 759 (holding that party did not prevail where interlocutory relief merely put the plaintiffs in the same position they "would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court").

█ This case falls squarely within this line of precedent. As with the interim relief awarded in *LSO* and *Harris,* the district court's award of interim relief altered the legal relationship between the NCAA and Butler. The TRO and the preliminary injunction prevented the NCAA from enforcing its ruling that Butler was ineligible to receive an athletic scholarship and to play football for the University of Washington. Thus, Butler received all the relief he sought in bringing suit. Moreover, Butler benefitted from the protection of the interim relief from October 21, 1996, until July 22, 1998, when the court dismissed his action. After the court issued the preliminary injunction on November 8, 1996, the NCAA did not appeal or otherwise seek to lift the injunction. *Cf. Fitzharris v. Wolff,* 702 F.2d 836, 838–39 (9th Cir.1983) (noting, in concluding that plaintiff was a "prevailing party" on the basis of the award of a TRO, that defendants did not seek to dissolve the TRO, which had been in effect for ten months). In obtaining interlocutory relief,

Butler succeeded on a " 'significant issue in litigation which achieve[d] some of the benefit [he] sought in bringing suit.' " *LSO,* 205 F.3d at 1160 (quoting *Hensley,* 461 U.S. at 433). Therefore, Butler is the "prevailing party" and is entitled to attorney's fees under § 12205.

### CONCLUSION

Butler is a "prevailing party" in his action against the NCAA. Therefore, we reverse and remand to the district court for a determination of the amount of attorney's fees that should be awarded to Butler under 42 U.S.C. § 12205.

REVERSED AND REMANDED.